IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Elaine L. Chao, Secretary of Labor
    United States Department of Labor,

           Plaintiff,

    v.

Local 951, United Food and Commercial
Workers International Union,

           Defendant.

Case No. 3:06MC53

(Western District of Michigan
Case No. 1:05CV00638RHB)

ORDER

This is a challenge to a union officers election brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 482, *et seq*. (LMRDA). Plaintiff Elaine Chao, Secretary of Labor (the Labor Department), alleges a variety of irregularities occurred before and during the September 7, 2004, United Food and Commercial Workers Union Local 951 (Local 951) officers election.

Jurisdiction is proper under 28 U.S.C. § 1331.

Pending is non-party witness Donato Iorio's motion to quash Local 951's subpoena ad testificandum and notice of deposition. For the following reasons, that motion will be denied.

**Background**

On September 7, 2004, Local 951 conducted a regularly scheduled election to select its officers. Russell Blunden, a member of the union, objected to the results, alleging numerous irregularities.

1

The LMRDA requires that anyone wishing to contest the results of a union election must exhaust all of his or her available remedies within the union's bylaws or constitution. 29 U.S.C. § 482(a). In an effort to comply with this provision, Blunden engaged the services of Iorio, who previously had served as counsel for Local 951. Together they drafted specific objections concerning the administration of the election and submitted them first to the union, and then, having allegedly received no reply, to the Labor Department.

The Labor Department investigated Blunden's allegations and concluded probable cause existed to bring a claim. *See* 29 U.S.C. § 521. It, accordingly, filed suit in the Western District of Michigan.

During the course of that litigation, Local 951 deposed Blunden, who at the time was not represented by an attorney. In addition, Blunden acknowledged that an attorney had helped him draft his objections to the September 7, 2004, election, but refused to identify who that attorney was. He, however, also admitted that his attorney had advised him to allege in his complaint every possible election irregularity enumerated in the statute, even though, for many of the allegations, Blunden admitted he had no actual knowledge of facts supporting such claims.

Local 951, subsequently, discovered that Iorio was the attorney who aided Blunden. It, consequently, noticed his deposition. Iorio now seeks to quash that subpoena.

**Discussion**

"On timely motion, the Court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires the disclosure of privileged or other protected matter and no exception or waiver applies, or . . . subjects a person to undue burden." Fed R. Civ. P. 45(c)(3)(A)(iii-iv). Iorio contends both of those grounds exist here, and, in addition, that he has no relevant information. Such

relevancy grounds, while not explicitly referenced in Rule 45, "must be considered in light of Rules 26 and 34." *Spartanburg Reg'l, Healthcare Sys. v. Hillenbrand Indus., Inc.*, 2005 WL 2211163, *2 (N.D.Ohio).

## A. Attorney-Client Privilege

Iorio contends that his conversations with Blunden are protected by the attorney-client privilege, and are, therefore, not discoverable. "The attorney-client privilege protects from disclosure 'confidential communications between a lawyer and his client in matters that relate to the legal interests of society and the client.'" *Ross v. City of Memphis*, 423 F.3d 596, 600 (6th Cir. 2005) (quoting *In re Grand Jury Subpoena (U.S. v. Doe)*, 886 F.2d 135, 137 (6th Cir.1989)). Certainly Blunden's communications with Iorio during the drafting of the objections fall within the protections of the privilege.

The dispositive issue, however, is whether Blunden waived that protection. "A client can waive the privilege by voluntarily disclosing his attorney's advice to a third party. The scope of the waiver turns on the scope of the client's disclosure, and the inquiry is whether the client's disclosure involves the same 'subject matter' as the desired testimony." *U.S. v. Collis*, 128 F.3d 313, 320 (6th Cir. 1997). "Furthermore, the waiver by the client as to a particular communication may be extended to encompass the subject matter of the communication. In other words, as formulated by Wigmore, '[t]he client's offer of his own or the attorney's testimony as to a specific communication to the attorney is a waiver as to all other communications to the attorney on the same matter.'" *Thomas v. F.F. Financial, Inc.*, 128 F.R.D. 192, 193 (S.D.N.Y. 1989) (quoting *In re Von Bulow*, 828 F.2d 94, 103 (2d Cir.1987); 8 Wigmore, Evidence, § 2327 at 638).

Here, Blunden testified about the preparation of his objections with Iorio. He has, accordingly, waived the privilege with respect to those communications. That Blunden was not represented at his deposition when he made the statements constituting waiver is immaterial - he and Iorio discussed whether the attorney should attend the deposition and decided his presence was unnecessary. Having taken that risk, they cannot now claim waiver was due only to a lack of legal counsel. The privilege, therefore, is no bar to taking Iorio's deposition.

### B. Undue Burden

Iorio also contends that Local 951's subpoena and notice of deposition is an undue burden on him. "If the documents sought by the subpoena are 'relevant and are sought for good cause,' then the subpoena should be enforced 'unless the documents are privileged or the subpoenas are unreasonable, oppressive, annoying, or embarrassing.'" *Bariteau v. Krane*, 206 F.R.D. 129, 130 (W.D. Ky. 2001) (quoting *Covey Oil Co. v. Continental Oil Co.*, 340 F.2d 993, 997 (10th Cir. 1965)). Moreover, in this context, "conclusory statements, in the absence of supporting evidence, do not warrant the refusal to enforce a validly issued subpoena." *Id.* at 131.

Here, in support of his undue burden argument, Iorio has offered nothing more than his contention that Local 951's subpoena will "forc[e] him to take time from his practice and other responsibilities to participate in an unspecified, open-ended interrogation." That, put simply, is insufficient to demonstrate undue burden.

### C. Relevance

Finally, Iorio also contends that his deposition cannot lead to any relevant information. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there

4

is any possibility that the information sought may be relevant to the claim or defense of any party." *Spartanburg Reg'l Healthcare Sys.*, at *3 (quotations omitted).

In this case, Local 951 contends Blunden failed to properly exhaust his internal union remedies under the statute. 29 U.S.C. § 482(a); *see generally Hodgson v. United Steelworkers*, 403 U.S. 333 (1971). The possibility that Blunden filed unsubstantiated objections to the election is, on its face, relevant to whether he complied with that provision. Iorio's relevance argument, accordingly, has no merit.

## Conclusion

For the foregoing reasons, Iorio's motion to quash subpoena ad testificandum and notice of deposition shall be, and the same hereby is denied.

So Ordered.

s/James G. Carr<br>
James G. Carr<br>
Chief Judge